IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| STEPHEN BEIGHTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:07-cv-02532-DV |
| | ) | |
| | ) | |
| SUNTRUST BANKS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

---

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL RULE 35 MENTAL
EXAMINATION OF PLAINTIFF

---

Before the court is the March 12, 2008 motion of the defendant, SunTrust Banks, Inc. ("SunTrust"), to compel a mental examination of the plaintiff, Stephen Beightler, pursuant to Federal Rule of Civil Procedure 35(a) ("Rule 35"). Specifically, SunTrust claims that an examination of Beightler is warranted because he has placed his mental condition at issue. Beightler has filed a response in opposition to the motion. The parties have consented to a jury trial before the undersigned United States Magistrate Judge. For the following reasons, SunTrust's motion to compel is granted.

BACKGROUND

This is an employment discrimination case in which Beightler seeks damages for civil rights violations, intentional infliction of emotional distress, defamation, and negligence. Beightler filed

his initial complaint on August 13, 2007. (Compl., Doc. No. 1, Aug. 13, 2007.) Beightler, who is himself bisexual, alleges that one of SunTrust's managers conditioned an offer of employment on Beightler's willingness to perform specific homosexual acts. (Compl. ¶¶ 5, 8-9.) As a result, he claims to have suffered through "painful emotional distress as documented in the EEOC investigation by a psychiatric evaluation and referral which concluded plaintiff suffered through periods of depression, withdrawal, anxiety and anger." (Compl. ¶ 59.)

In its present motion, SunTrust requests that Beightler be examined by both a psychiatrist and a psychologist in Memphis, Tennessee. (Def.'s Mem. Supp. 8.) It also proposes that the psychiatrist and psychologist be individuals from the group Associates in Psychology and Psychiatry, located at 5170 Sanderlin Avenue, Suite 204, Memphis, Tennessee, 38117.[1] (*Id.*) Further, SunTrust asks that the examinations include: "(1) a general assessment of Beightler's present mental health condition, (2) an assessment of Beightler's claims of emotional distress, depression, withdrawal, anger, and anxiety, and (3) an assessment of whether Beightler had any preexisting mental disorders, which will be relevant to the causation issue." (*Id.*)

In asking the court to compel the requisite mental

---

[1] SunTrust asserts that the members of this group are experienced in providing services relevant to litigation.

examinations under Rule 35, SunTrust argues that Beightler has clearly placed his mental condition in issue. (*Id.* at 2-4.) It also contends that good cause exists as required by Rule 35. (*Id.*) Specifically, SunTrust claims that Rule 35 is satisfied on multiple grounds because Beightler (1) makes a claim for intentional infliction of emotional distress, (2) makes allegations of specific mental disorders, (3) makes a claim of unusually severe emotional distress, as evidenced by his $2.1 million damages claim, and (4) suggests his intent to introduce evidence of psychiatric records at trial. (*Id.* at 4.)

In opposition to the motion, Beightler argues that a Rule 35 mental examination is not warranted because his complaint only alleges previous, not ongoing, mental problems. (Pl.'s Resp. 1-2.) He asserts that he has already recovered from the mental injuries and any examination seeking information on them would be useless, likening such an examination to one in which a person who broke his or her finger last year is examined a year later to prove the finger is still broken. (*Id.* at 2, 4.) Beightler points out that he has made his previous medical records available to SunTrust, and he claims that SunTrust has done nothing to show that those medical records are inadequate to provide the information it seeks. (*Id.* at 12.) He also states that he does not intend to call any experts to testify about his mental condition at trial, and contends that SunTrust has failed to show that any mental examination could

3

provide evidence about a mental injury that has already healed. (*Id.*) Lastly, should the court grant SunTrust's present motion, Beighter requests that the examination be conducted in Bellefontaine, Ohio, by a physician in close proximity to his own residence. (*Id.* at 10.) As support for this request, he states that he is indigent and does not have the resources to travel to Tennessee for such an examination. (*Id.*)

ANALYSIS

The Federal Rules of Civil Procedure recognize the possibility that parties in a civil suit might need to address their physical or mental conditions for a variety of reasons, including establishing liability or fixing the amount of damages. *See* FED. R. CIV. P. 35(a)-(b). Rule 35 provides that:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
>
> The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

FED. R. CIV. P. 35(a). Rule 35 is unique from other discovery rules in that it contains both "in controversy" and "good cause" requirements. *See Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964). These requirements can only be met when the movant affirmatively shows "that each condition as to which the examination is sought is really and genuinely in controversy and

4

that good cause exists for ordering each particular examination." *Id.* at 118. While some cases may require an evidentiary hearing to satisfy the requirements, affidavits or the pleadings alone may be sufficient in other cases. *See id.* at 118-19. The decision on whether to issue a Rule 35 order for a mental examination "lies soundly within the court's discretion." *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y. 1993) (citations omitted). In the present case, the parties dispute the satisfaction of both the "in controversy" and "good cause" requirements of Rule 35.

A. "In Controversy" Requirement

Beightler vigorously argues that his mental condition is not in controversy because he has only alleged past mental suffering and has since fully recovered. In support of his argument, Beightler cites a multitude of cases where a mental examination was ordered because the plaintiff claimed permanent or ongoing mental injuries. (Pl.'s Resp. 3-4.) He contends, therefore, that an examination is improper because he has not alleged any permanent or ongoing mental injuries. This argument jumps to a conclusion that the cases do not support. A court's holding that allegations of ongoing or permanent injuries support ordering a mental examination does not logically lead to the conclusion that a mental examination is not warranted *unless* an ongoing or permanent mental injury is claimed. If that were the case, Rule 35 would contain language that required a party to claim a current, permanent, or ongoing

5

mental problem. To the contrary, Rule 35 only requires that a person's mental condition be placed in controversy.

A person's mental condition can be placed in controversy simply on the pleadings alone. *Schlagenhauf*, 379 U.S. at 118-19. Courts have held that a plaintiff's claim for intentional infliction of emotional distress has placed the plaintiff's mental condition in controversy. *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 209 (N.D. Tex. 1996) (citing *Everly V. United Parcel Serv., Inc.*, No. 89-C 1712, 1991 WL 18429, at *1 (N.D. Ill. Feb. 4, 1991) (holding intentional infliction of emotional distress claim placed mental condition in controversy); *Peters v. Nelson*, 153 F.R.D. 635, 638 (N.D. Iowa 1994) (holding *inter alia* that plaintiff's claim for intentional infliction of emotional distress placed her mental condition in controversy); *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995) (noting that intentional infliction of emotional distress claims provide basis for mental examinations)). The mental suffering that leads to an intentional infliction of emotional distress claim is the essence of that claim, and thus, it is the essence of the controversy and an issue in the case. *See Lahr*, 164 F.R.D. at 209.

In the present case, Beightler has made a claim for intentional infliction of emotional distress, and he seeks significant damages in the amount of $350,000. (Compl. ¶¶ 58-60, 62(c).) Because that claim is based solely on the existence of a

mental injury, Beightler has placed his mental condition in controversy as required for a Rule 35 mental examination.

B.  <u>Good Cause Requirement</u>

Having decided that Beightler's mental condition is in controversy, it must be determined whether SunTrust has established good cause for the requested mental examination. Good cause is established by demonstrating both relevance and need. *Pearson v. Norfolk-Southern Ry. Co.*, 178 F.R.D. 580, 582 (M.D. Ala. 1998)(citations omitted). It must be determined on a case by case basis, with "the ability of the movant to obtain the desired information by other means" taken into consideration. *See Schlagenhauf*, 379 U.S. at 118.

In the present case, it is unquestionable that the information sought, i.e., information regarding Beightler's alleged mental injuries and condition, would be relevant to his intentional infliction of emotional distress claim. The question then becomes whether SunTrust can obtain that information from other sources. Beightler argues that his mental injuries have healed and that information about them can be obtained simply by reviewing the psychiatric evaluation he submitted to the EEOC. He further contends that SunTrust should have examined him while the mental injuries were present, instead of waiting until they no longer existed to seek a mental examination. Beightler's argument fails in two ways. First, there is nothing before the court that

7

indicates that the psychiatric evaluation submitted by Beightler to the EEOC was obtained from an independent medical source. Therefore, SunTrust is entitled to have Beightler examined so that it may rebut any conclusions contained in the evaluation. Second, Beightler's contention that SunTrust should have examined him earlier and to do so now would be improper is misguided. At the time Beightler claims his mental injuries existed and any examination should have taken place, there was no pending lawsuit, and, as such, SunTrust could not avail itself of Rule 35 and seek a mental examination. In addition, in light of Beightler's statement that he has recovered from his mental and emotional injuries, Suntrust is entitled to seek an expert opinion as to the extent and duration of Beightler's suffering. Also, although Beightler asserts that he does not intend to call any experts at trial to testify about his emotional distress, from all indications he still intends to introduce his medical records.

Furthermore, Beightler has placed his mental condition as the *sole* issue in controversy with his intentional infliction of emotional distress claim. He claims severe injury and is seeking extensive damages. This elevates his case above that of a "garden variety" emotional distress case and places it in a different category for Rule 35 purposes. *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 222 (S.D.N.Y. 1994)("[M]ost cases where mental examinations have been allowed have either involved a separate tort

claim for emotional distress or an allegation of ongoing severe mental injury." (citations omitted)). Because the issues related to his mental condition, psychiatric evaluation, and severe damages are at the very heart of his intentional infliction of emotional distress claim, these issues also satisfy the good cause requirement of Rule 35. *See Hodges*, 145 F.R.D. at 335 (finding a plaintiff's mental condition so related to his claim that it satisfied good cause for a Rule 35 examination). Accordingly, good cause exists to order a mental examination of Beightler.

C.  Place of Examination

Beightler has asked that any examination that may be ordered take place near his residence in Ohio because he is indigent and would not be able to come to the forum district for an examination. Beightler offers no reason why he cannot come to this district for an examination other than the mere assertion that he is indigent. Beightler, however, is the one who chose this forum to file his suit in, and he cannot complain about having to now be examined in it. *See Pierce v. Brovig*, 16 F.R.D. 569, 570 (S.D.N.Y. 1954). Additionally, SunTrust has offered to schedule the examination in conjunction with Beightler's oral deposition. Such scheduling will prevent him from having to make more than one trip to this district. Therefore, the examination should take place in Memphis, Tennessee, as proposed by SunTrust.

## CONCLUSION

For the reasons stated above, SunTrust's motion to compel a mental examination of Beightler is granted. Beightler is ordered to appear for a mental examination under the aforementioned terms as proposed by SunTrust. The examination shall take place within thirty (30) days of the date of entry of this order. The examination shall also be scheduled for the same, or a consecutive, day as Beightler's oral deposition.

IT IS SO ORDERED this 30th day of April, 2008.

 s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE